# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DONALD ROBERTS,**

   **Plaintiff,**

**vs.**          **No. CIV 00-0321 LCS-ACE**

**LOCKHEED MARTIN CORPORATION,**

   **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion to Tax Costs, filed January 2, 2001. On December 13, 2000, the Court granted Defendant's Motion to Dismiss with respect to Plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and dismissed Plaintiff's supplemental claim for wrongful discharge without prejudice.  In the instant Motion, Defendant moves for costs pursuant to FED. R. CIV. P. 54, 28 U.S.C. § 1920 and D.N.M. LR-Civ. 54.

Both 28 U.S.C. § 1920 and FED. R. CIV. P. 54 (d) allow an award of costs to the prevailing party.  Section 1920 provides that a judge or the clerk may tax certain itemized expenses as costs. *See* 28 U.S.C. § 1920.  The Rule states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  FED. R. CIV. P. 54 (d)(1).  The Tenth Circuit has held that Rule 54(d) creates a presumption that the prevailing party shall recover costs. *See Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir.1995).  The district court "must provide a valid reason for not awarding costs to a  prevailing party." *Cantrell v. International Bhd. of Elec. Workers*, 69 F.3d 456, 459  (10th Cir.1995).  Indigence of the non-prevailing party constitutes a valid

reason supporting an exercise of discretion to deny costs. *See Cantrell v. International Bhd. of Elec. Workers*, 69 F.3d at 459 (*citing Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir.1984)).  In this case, counsel for Plaintiff has represented that Plaintiff is unemployed, uninsured, has tested positive for colon cancer, and has numerous outstanding medical bills.  Under these circumstances, Plaintiff qualifies as indigent.  The Court finds that it should exercise discretion to deny an award of costs to Defendant due to Plaintiff's indigence.

**WHEREFORE,**

       **IT IS ORDERED** that Defendant's Motion to Tax Costs, filed January 2, 2001, is **DENIED**.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**